IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| **EDWIN PIERCE, ARMENTO MEREDITH, CHARLES HIGHTOWER and RONALD JONES, individually and on behalf of all others similarly situated** | : : : : : : : : | Civil Action File No. |
| **Plaintiffs,** | : : : | |
| vs. | : : | |
| **A-TOW, INC., and SUSAN PAGE PORTER,** | : : : : | |
| **Defendants.** | : | |

# COMPLAINT

Plaintiffs Edwin Pierce ("Pierce"), Armento Meredith ("Meredith"), Charles Hightower ("Hightower"), and Ronald Jones ("Jones"), individually and on behalf of all others similarly situated who consent to their inclusion in a collective action (collectively "Plaintiffs"), bring this Complaint against A-Tow, Inc. ("A-Tow") and Susan Page Porter ("Porter") (collectively "Defendants"), and show the Court as follows:

## INTRODUCTION

1.

This is an FLSA case. Defendants employed Plaintiffs as tow truck drivers. Defendants failed to pay them an overtime premium for work in excess of 40 hours in any workweek. Defendants willfully, arbitrarily and incorrectly designated a portion of commissions earned as overtime wages.

2.

Within the three years immediately preceding the initiation of this action ("the Relevant Period") Defendants employed Plaintiffs as tow truck drivers in and around Atlanta, Georgia.

3.

Plaintiffs ask this Court to certify a collective of similarly situated individuals, to wit, all tow truck drivers who have worked for A-Tow within the three years immediately prior to the filing of this Complaint and who consent in writing to their inclusion in a collective action.

4.

Pierce's Consent to Serve as a Plaintiff Representative in this FLSA Action is filed herewith as Exhibit "A".

5.

Meredith's Consent to Serve as a Plaintiff Representative in this FLSA Action is filed herewith as Exhibit "B".

6.

Hightower's Consent to Serve as a Plaintiff Representative in this FLSA Action is filed herewith as Exhibit "C".

7.

Jones' Consent to Serve as a Plaintiff Representative in this FLSA Action is filed herewith as Exhibit "D".

8.

Plaintiffs request collective relief because all other A-Tow drivers were treated in a similar manner with respect to their compensation.

**JURISDICTION AND VENUE**

9.

This Court has subject matter jurisdiction over the present action under Article III, § 2 of the United States Constitution, FLSA § 16(b), 29 U.S.C. § 216(b), 28 U. S.C § 1331, because this case arises under the FLSA, a federal statute that affects interstate commerce.

10.

Venue properly lies in the Northern District of Georgia under 28 U.S.C. § 1391 because A-Tow's principal place of business is located in this judicial district, Porter resides in this judicial district and a substantial portion of the events giving rise to the claims herein arose in this judicial district.

## THE PARTIES

11.

Pierce resides in Coweta County, Georgia.

12.

Meredith resides in Fulton County, Georgia.

13.

Hightower resides in Clayton County, Georgia.

14.

Jones resides in Fulton County, Georgia.

15.

At all times material hereto, Defendants have jointly operated a tow truck service whose principal place of business is located at 180 Harriet Street, S.E., Atlanta, GA 30315.

16.

A-Tow is a corporation organized under the laws of the State of Georgia.

17.

A-Tow can be served via its registered agent S. Page Porter at 180 Harriett Street SE, Atlanta, Georgia 30315.

18.

A-Tow is subject to the personal jurisdiction of this Court.

19.

Porter is a resident of Cobb County, Georgia.

20.

Porter is subject to the personal jurisdiction of this Court.

21.

Porter is the CEO, CFO, Secretary, and Registered Agent of A-Tow.

22.

Porter can be served with process at her residence or wherever she can be found.

## INDIVIDUAL COVERAGE

23.

At all times material hereto, Plaintiffs were "engaged in commerce" as employees of A-Tow as defined in the FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

24.

Specifically, Plaintiffs regularly operated tow trucks to provide towing services for disabled or abandoned vehicles on Interstate and U.S. Highways, thereby keeping the instrumentalities of interstate commerce free from obstructions.

## ENTERPRISE COVERAGE

25.

At all times material hereto, A-Tow has been an "enterprise engaged in commerce or in the production of goods for commerce" as defined in FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

26.

During 2013, A-Tow had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

27.

During 2014 A-Tow had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

28.

During 2015, A-Tow had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

29.

During 2016, A-Tow had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

30.

During the three years immediately preceding this action, two or more A-Tow employees, including Plaintiffs, used or handled the following items that moved in interstate commerce and that are necessary for A-Tow's commercial purpose:  vehicles, gasoline uniforms, computers, credit card machines, automobile oil and cellular phones.

31.

During 2013, A-Tow had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" as defined in 29 U.S.C. § 203(s)(1)(A).

32.

During 2014, A-Tow had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" as defined in 29 U.S.C. § 203(s)(1)(A).

33.

During 2015, A-Tow had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" as defined in 29 U.S.C. § 203(s)(1)(A).

34.

During 2016, A-Tow had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" as defined in 29 U.S.C. § 203(s)(1)(A).

35.

Specifically, at all times material hereto, A-Tow had two or more employees who regularly provided towing services for disabled or abandoned vehicles on Interstate and U.S. highways, thereby providing for the free flow of traffic on the national highway system.

36.

During 2013, A-Tow had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

37.

During 2014, A-Tow had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

38.

During 2015, A-Tow had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

39.

At all times material hereto, A-Tow has been an "enterprise engaged in commerce or in the production of goods for commerce" as defined in FLSA § 3(s)(1), 29 U.S.C. § 203(s)(1).

### STATUTORY EMPLOYER ALLEGATIONS

40.

Pierce worked for A-Tow as a tow truck driver from approximately July 10, 2012 through December 31, 2015.

41.

Meredith worked for A-Tow as a tow truck driver from approximately August 8, 2011 through February 5, 2016.

42.

Hightower worked for A-Tow as a tow truck driver from approximately 2003 through September 2013.

43.

Jones worked for A-Tow as a tow truck driver from approximately September 2008 through 2010 and again from approximately 2012 through January 1, 2016.

44.

At all times material hereto, A-Tow was an "employer" of Plaintiffs as defined in FLSA § 3(d), 29 U.S.C. § 203(d).

45.

At all times material hereto, Plaintiffs were "employees" of A-Tow as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

46.

At all times material hereto, Porter exercised operational control over the work activities of Plaintiffs.

47.

At all times material hereto, Porter was involved in the day to day operation of A-Tow.

48.

At all times material hereto, A-1 vested Porter with supervisory authority over Plaintiffs.

49.

At all times material hereto, Porter exercised supervisory authority over Plaintiffs.

50.

At all times material hereto, Porter scheduled Plaintiffs' working hours or supervised the scheduling of Plaintiffs' working hours.

51.

At all times material hereto, Porter exercised authority and supervision over Plaintiffs' compensation.

52.

At all times material hereto, Porter was an "employer" of Plaintiffs as defined in FLSA § 3(d), 29 U.S.C. §203(d).

53.

At all times material hereto, Plaintiffs were "employees" of Porter as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

### COMMON FACTUAL ALLEGATIONS

54.

At all times material hereto, Plaintiffs were not exempt from the maximum hour requirements of the FLSA by reason of any exemption.

55.

At all times material hereto, A-Tow did not employ Plaintiffs in a bona fide professional capacity within the meaning of 29 USC § 213 (a).

56.

At all times material hereto, A-Tow did not employ Plaintiffs in a bona fide administrative capacity within the meaning of 29 USC § 213 (a).

57.

At all times material hereto, A-Tow did not employ Plaintiffs in a bona fide executive capacity within the meaning of 29 USC § 213 (a).

58.

At all times material hereto, A-Tow did not employ Plaintiffs in the capacity of an "outside salesman" so as to be exempt from the minimum and maximum hour requirements of 29 USC § 213 (a).

59.

At all times material hereto, Plaintiffs were not exempt from the maximum hour requirements of the FLSA because of the Motor Carrier Exemption (29 U.S.C. § 213(b)).

60.

At all times material hereto, Plaintiffs' work for Defendants did not involve interstate commerce as defined by the Motor Carrier Act (49 U.S.C.A. § 10521).

61.

At all times material hereto, A-Tow was not an operator within the purview of the Motor Carrier Act (49 U.S.C.A. § 3102).

62.

At all times material hereto, Plaintiffs did not operate "commercial motor vehicle[s]" within the meaning of the Motor Carrier Act (49 U.S.C.A. § 31132(1)).

63.

In no less than every other week, Plaintiffs worked in excess of 40 hours per week.

64.

At all times material hereto, Defendants compensated Plaintiffs on a base salary plus commission basis.

65.

At all times material hereto, Defendants agreed to pay Plaintiffs commissions based on a percentage of the service fees A-Tow retained in connection with the service calls completed by each driver.

66.

At all times material hereto, Defendants' agreements with Plaintiffs pertaining to the payment of commissions were reflected in written documents provided by Defendants to Plaintiffs in their weekly pay envelope.

67.

At all times material hereto, Plaintiffs performed their job duties for Defendants in reliance on both written and oral representations of Defendants as the calculation of retained service fees.

68.

At all times material hereto, Defendants agreed to calculate the amounts of retained service fees by subtracting predetermined amounts from predetermined types of impound calls.

69.

At all times material hereto, Defendants regularly miscalculated the amounts of retained service fees on impound calls.

70.

At all times material hereto, Defendants intentionally miscalculated the amounts of retained service fees on impound calls.

71.

At all times material hereto, Defendants intentionally underpaid commissions to Plaintiffs based on their intentional miscalculation of retained service fees.

72.

Defendants intentionally underpaid commissions to Plaintiffs in virtually every week of each driver's employment during the three years prior to the filing of this action.

73.

29 C.F.R. § 778.118 sets forth the manner for calculating overtime wages to employees who receive a portion of their earnings in commission each week.

74.

29 C.F.R. § 778.118 requires that the sum total of the commission earned and other earnings be divided by the total hours worked in order to determine the regular hourly rate.

75.

29 C.F.R. § 778.118 further requires that "(t)he employee must be paid extra compensation at one-half that rate for each hour worked in excess of" forty hours per week.

76.

During each applicable pay period, Defendants failed to calculate a regular rate for their tow truck drivers by dividing the sum total of the commission earned and other earnings by the total hours worked.

77.

During each applicable pay period, Defendants failed to pay their tow truck drivers extra compensation at one-and-one-half times such a regular rate.

78.

Instead, Defendants arbitrarily designated a portion of the commission earned by the drivers as "overtime" pay.

79.

At all times material hereto, Defendants failed to pay Plaintiffs at one-and-one-half times their regular hourly rates for each hour worked in excess of 40 in each workweek.

80.

In or about August 2015, Defendants presented Plaintiffs Pierce, Meredith and Jones with documents titled "Agreement and Acknowledgment of Payment" ("the Acknowledgements").

81.

In or about August 2015, Defendants conducted meetings with Plaintiffs Pierce, Meredith and Jones in which Defendants requested that Plaintiffs Pierce, Meredith and Jones execute the Acknowledgments.

82.

Defendants provided no notice to Plaintiffs Pierce, Meredith and Jones prior to these meeting that such meetings would occur.

83.

Defendants failed to provide Plaintiffs Pierce, Meredith and Jones with documentation supporting the amounts specified the Acknowledgments.

84.

Defendants refused to allow Plaintiffs Pierce, Meredith and Jones to take a copy of the Acknowledgment for consideration or counsel prior to signing.

### COUNT I — FAILURE TO PAY OVERTIME

85.

The allegations in all previous paragraphs are incorporated by reference as if fully set out in this paragraph.

86.

At all times material hereto, Plaintiffs and the members of the collective they seek to represent were employees covered by the FLSA and entitled to the overtime protections set forth in FLSA § 7(a), 29 U.S.C. § 207(a).

87.

During their respective periods of employment with Defendants, Plaintiffs and the members of the collective they seek to represent regularly worked in excess of 40 hours each week.

88.

Defendants failed to pay Plaintiffs and the members of the collective they seek to represent at one-and-one-half times their regular rate for work in excess of 40 hours in any week during the entire period of their employment.

89.

Defendants willfully failed to Plaintiffs and the members of the collective they seek to represent at one and one half times their regular rate for work in excess of 40 hours in any week during the entire period of their employment.

90.

Plaintiffs and the members of the collective they seek to represent are entitled to payment of overtime in an amount to be determined at trial, in accordance with FLSA § 16(b).

91.

As a result of the underpayment of overtime compensation as alleged above, Plaintiffs and the members of the collective they seek to represent are entitled to liquidated damages in accordance with FLSA § 16(b).

92.

As a result of the underpayment of overtime compensation as alleged above, Plaintiffs and the members of the collective they seek to represent are entitled to their litigation costs, including their reasonable attorney's fees in accordance with FLSA § 16(b).

### COUNT II – COLLECTIVE ACTION ALLEGATIONS

93.

The allegations in all previous paragraphs are incorporated by reference as if fully set out herein.

94.

At all times during the three years prior to the filing of this Complaint, Defendants violated 29 U.S.C. § 207 by failing to pay overtime wages to the members of the collective Plaintiffs seek to represent.

95.

At all times during the three years prior to the filing of this Complaint, Defendants have violated 29 U.S.C. § 207 by failing to pay overtime wages to the members of the collective Plaintiffs seek to represent in the same manner as alleged above with respect to Plaintiffs.

96.

All tow truck drivers who have worked for Defendants within the three years prior to the filing of this action are "similarly situated" within the meaning of FLSA § 16 (b).

97.

Defendants are liable pursuant to 29 U.S.C. § 201 *et seq.* to all individuals similarly situated to Plaintiffs for unpaid overtime wages, attorney's fees and costs of litigation, and other such equitable and legal relief that this Court finds proper.

98.

The proposed collective of individuals similarly situated to Plaintiffs should be defined as "All individuals who have worked as tow truck drivers for A-Tow, Inc. in the three years immediately preceding the initiation of this action through the present."

99.

All such individuals similarly situated to Plaintiffs would benefit from the issuance of a Court supervised Notice of Present Lawsuit and opportunity to consent in writing to their inclusion as plaintiffs in this lawsuit pursuant to 29 U.S.C. § 216(b).

100.

All such individuals similarly situated to Plaintiffs are known to Defendants, are readily identifiable, and can be located through the records of Defendants.

WHEREFORE, Plaintiffs respectfully pray:

1. That they be conditionally certified as representatives of a class comprised of all persons who A-Tow employed as a tow truck driver in the three years immediately preceding the initiation of this action.

2. That Plaintiffs and the members of the collective they seek to represent be awarded an amount to be determined at trial against Defendants,

   jointly and severally, in due but unpaid overtime wages under the FLSA, plus additional like amounts in liquidated damages;

3. That the Court permanently enjoin Defendants from violating the minimum wage and overtime provisions of the FLSA;

4. That Plaintiffs be awarded their costs of litigation, including reasonable attorney's fees from Defendants;

5. That the Court issue a Notice of Present Lawsuit to all individuals similarly situated to Plaintiffs, allowing all such similarly-situated individuals to file their written consent to join this action as Plaintiffs;

6. That the Court award all such individuals who "opt in" to this lawsuit their unpaid overtime wages, liquidated damages, and costs of litigation and reasonable attorney's fees from Defendants; and

7. For such other and further relief as the Court deems just and proper.

Respectfully submitted,

| | |
|---|---|
| 3100 Centennial Tower<br>101 Marietta Street<br>Atlanta, Georgia 30303<br>(404) 979-3171<br>(404) 979-3170 (f)<br>kevin.fitzpatrick@dcbflegal.com<br>charlesbridgers@dcbflegal.com | **DELONG CALDWELL BRIDGERS FITZPATRICK & BENJAMIN, LLC**<br><br>*/s/Charles R. Bridgers*<br>Charles R. Bridgers<br>Ga. Bar No. 080791<br><br>*/s/ Kevin D. Fitzpatrick, Jr.*<br>Kevin D. Fitzpatrick, Jr.<br>Ga. Bar No. 262375<br><br>Counsel for Plaintiffs |